UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X   CV- 07 7230
MICHAEL GLAUBER and IRENE GLAUBER,

                     Plaintiffs,               **ANSWER TO COMPLAINT**

     -against-

.B. HUNT TRANSPORT, INC. and
JASON ARTHUR JARVIS,

                     Defendants.

-------------------------------------------------------------X

      Defendant, J.B. HUNT TRANSPORT, INC. and JASON ARTHUR JARVIS by their attorneys, NEWMAN FITCH ALTHEIM MYERS, P.C., as and for their answer to plaintiffs' complaint, respectfully allege upon information and belief as follows:

    1.     Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "1" and "2", of plaintiffs' complaint.

    2.     Denies the allegations contained in paragraph "3", of the complaint, except admits that J. B. HUNT TRANSPORT, INC. (hereinafter referred to as "J.B. Hunt"), owned the vehicle in question and is a Georgia Corporation with a principal place of business in Lowell, Arkansas.

    3.     Admits to the truth of the allegations contained in paragraphs "4", "of plaintiffs' complaint.

## AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

4. As to paragraph "5" of plaintiffs' verified complaint these answering defendants repeat, reiterate and reallege each and every answer herein as if more fully set forth at length.

5. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "6", and "7" of plaintiffs' complaint.

6. Denies each and every allegation contained in paragraphs "8", "9", "10", "11", "12", "13" and "14" of plaintiffs' complaint.

## AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION

7. As to paragraph "15" of plaintiffs' verified complaint these answering defendants repeat, reiterate and reallege each and every answer herein as if more fully set forth at length.

8. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "16" of plaintiffs' complaint.

## AS AND FOR A FIRST, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

9. That the comparative negligence of the plaintiff has barred him from relief against these answering defendants. If, in fact, the accident occurred as alleged in the complaint, said damages occurred as a result of the plaintiff's own provocation, carelessness, negligence, improper and culpable conduct and the plaintiff is thereby guilty of comparative negligence as a result thereof, in whole or in part, or alternatively, any verdict which may be found against the defendants will be reduced by the proportionate culpability of the plaintiff for his negligence, want of care and culpable conduct.

### AS AND FOR A SECOND, SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE

10. That in the event of any judgment or verdict on behalf of the plaintiffs, the defendants are entitled to a set-off or verdict with respect to the amounts of any payments made to the plaintiffs for medical and other expenses prior thereto pursuant to § 4545 of the CPLR.

### AS AND FOR A THIRD, SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE

11. This action does not fall within one or more of the exceptions set forth in CPLR § 1602 and thus the defendants are responsible only for their pro rata share of any verdict that may be rendered against them.

### AS AND FOR A FOURTH, SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE

12. That the complaint fails to state a cause of action upon which relief can be granted by virtue of the fact that plaintiff has failed to sustain serious injuries for which he is entitled to compensation as defined in 5102(4)(d) of the Insurance Law and is thus not entitled to relief by this Court.

### AS AND FOR A FIFTH, SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE

13. That further the injuries complained of by the plaintiff was caused in whole or in part or were rendered more severe by virtue of the fact that plaintiff failed to utilize the seat belts, shoulder harnesses or other restraining devices attached to the vehicle in which they were riding at the time that the accident occurred.

*WHEREFORE*, these answering defendants **J.B. HUNT TRANSPORT, INC.** and **JASON ARTHUR JARVIS** demands judgment dismissing plaintiffs' verified complaint together with the costs and disbursements of this action.

Dated: New York, New York
      August 14, 2007

                              NEWMAN FITCH ALTHEIM MYERS, P.C.

                              By: _____
                                  Robert A. Fitch (RF2198)
                              Attorneys for Defendant
                              J.B. HUNT TRANSPORT, INC. &
                              JASON ARTHUR JARVIS
                              14 Wall Street
                              New York, New York 10005-2101
                              (212) 619-4350
                              (File No.: JBH 16136)

To:    KAHAN & KAHAN
          Attorneys for Plaintiffs
          1328 Boston Post Road
          Larchmont, New York 10538
          (914) 630-1178

Robert A. Fitch (RF2198)
Newman Fitch Altheim Myers, P.C.
14 Wall Street
New York, New York 10005-2101
(212) 619-4350
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL GLAUBER and<br>IRENE GLAUBER<br><br>         Plaintiffs,<br><br>vs.<br><br>J.B. HUNT TRANSPORT, INC.,<br>and JASON ARTHUR JARVIS,<br><br>         Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:   No.   CV-07 7230<br>: |

## CERTIFICATE OF SERVICE

I certify that a copy of the answer was served upon the attorney of record for the plaintiff, Kahan & Kahan by Regular Mail on August 14, 2007.

Dated: August 14, 2007

_____
Robert A. Fitch (RF2198)

Index No.:           Year                              RJI No.                    Hon.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL GLAUBER and IRENE GLAUBER,

*Plaintifsf,*

-against-

J.B. HUNT TRANSPORT, INC. and JASON ARTHUR JARVIS,

*Defendants.*

## ANSWER TO COMPLAINT

NEWMAN FITCH ALTHEIM MYERS, P.C.
*Attorneys for Defendants – J.B. HUNT TRANSPORT, INC &*
*JASON ARTHUR JARVIS*
*Office and Post Office Address, Telephone*

14 WALL STREET
NEW YORK, N.Y. 10005-2101
(212) 619-4350

To                                                          Signature (Rule 130-1.1-a)

                                                           ...........................................
                                                           Print name beneath
Attorney(s) for

Service of a copy of the within                            is hereby admitted.

Dated,
                                        Attorney(s) for

Please take notice

NOTICE OF ENTRY
that the within is a (*certified*) true copy of a
duly entered in the office of the clerk of the within named court on

NOTICE OF SETTLEMENT
that an order                          of which the within is a true copy will be presented for
settlement to the HON.                                                    one of the judges
of the within named court, at
on                          at              M

Dated,                                           Yours, etc.
                                      NEWMAN FITCH ALTHEIM MYERS, P.C.
                                      *Attorneys for*
To                                           *Office and Post Office Address*
                                                 14 WALL STREET
Attorney(s) for                           NEW YORK, N.Y. 10005-2101