

# KAHAN & KAHAN
Attorneys at Law
225 Broadway - Suite 715
New York, New York 10007
(212) 566-2566
FAX (212) 566-8165

DOUGLAS KAHAN
ROBERT KAHAN



Westchester Office:
1328 Boston Post Road
Larchmont, New York 10538
Tel: (914) 630-1178
Fax: (914) 630-0043

FREDERICK SOSINSKY
LOUIS V. FASULO
MICHAEL GOTTFRIED
MARC ALSTER
of counsel

March 21, 2008

Honorable George Yanthos
United States District Court for the
    Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re:   Michael Glauber and Irene Glauber v.
      Jason Arthur Jarvis and J.B. Hunt Transport, Inc.

Dear Magistrate Judge Yanthos:

We represent the Plaintiffs in the above-captioned action pending under the case number CV 07-7230. The action, which was removed from New York State Supreme Court on or about August 13, 2007, seeks damages resulting from a rear end collision of a semi tractor trailer truck owned by defendant J.B. Hunt Transport, Inc., driven by then-employee defendant Jason Arthur Jarvis, into the vehicle of plaintiff and driver, Michael Glauber.

On February 29, 2008, counsel for the Defendants wrote to District Judge Brient to request a conference to discuss our joint request for an extension of the discovery cutoff date for the stated reasons outlined in that letter. We were informed that we have been scheduled to meet with Your Honor at 9:30 a.m. on March 27, 2008 via telephonic conference.

In addition to the extension request described in Defendants' counsel's letter, we respectfully request that this conference be expanded to address a significant threshold question that has arisen since that letter as a result of testimony adduced at the recent deposition of the defendant driver, Mr. Jarvis on March 7, 2008. In particular, we believe Defendants' counsel needs to provide us and this Court with the authority under which it acted, inter alia, to have this action removed from the state court to this Court and also to file an answer on behalf of the Defendant driver, Mr. Jarvis.

At the outset, since the removal of this action to this Court, we have tried to work around Defendants' counsel inability to comply with certain rudimentary obligations under the rules governing discovery. For example, we have been forced to jostle over J.B. Hunt's "in-house-policy" not to turn over witness statements that their investigators took at the scene of not only plaintiff, but the driver and the driver ahead of plaintiff's car. Although they eventually produced Plaintiff Michael Glauber's statement (but only after his deposition) and the other driver's statement (a few days ago), J.B. Hunt has withheld documents and pictures and other unspecified items in the file of their claims investigator. They have done so under a general claim of privilege, notwithstanding the fact that this information was obtained in the ordinary course of the investigator's duties on behalf of J.B. Hunt (which is self-insured). Defendants' counsel has failed to produce a privilege log that is compliant with the governing rule or which permits us to test the assertion of a privilege with respect to these documents and others that have been withheld.

Separately, we initially overlooked Defendants' failure to verify the answer to the verified complaint upon the representation from counsel that he had authority to file the answer on Defendants' behalf. Recently we put Defendants' counsel on notice that his purported verification of the interrogatory answers of both the Defendant driver and his former employer, J.B. Hunt, was impermissible under the governing rule. When we read in those improper interrogatory responses that the defendant driver was let go by J.B. Hunt on the day after the April 11, 2005 accident (and not last fall as we were originally told), we reiterated a demand that Defendants' counsel provide proof that he was authorized to file an answer on behalf of the defendant driver. At that point, counsel refused again to produce any proof of the firm's authorization, this time invoking the attorney client privilege as the basis therefore.

On Friday March 7, 2008, we finally were able to depose Defendant Jarvis after several excused and unexcused adjournments of his deposition. Much to our surprise, we learned that Mr. Jarvis was effectively unaware that he was a defendant in this proceeding. He expressly denied having authorized counsel to file an answer on his behalf. It seems plain from his testimony that, since he was unaware of the suit, he had not authorized counsel to consent to service on his behalf. But, again, Defendants have declined to produce the written authorization under which they acted to remove the proceeding and to file an answer under a claim of privilege. Mr. Jarvis further testified that, prior to the date of his deposition, he had not seen or been told of any of the following pleadings: the verified complaint, his answer (which was not verified), the answer filed by J.B. Hunt, the document requests served upon him and J.B. Hunt, his answer to the document request or any of the documents delivered on his behalf, the

2

interrogatories served upon him and J.B. Hunt, the answers to the interrogatories which were submitted on his behalf or the Rule 30(b)(6) deposition notice that had been issued to J.B. Hunt. Defendant Jarvis testified that he had never been asked to search his files to see if there were any documents that were responsive to Defendants' document demands; he had not been asked if the answers given for him to the interrogatories propounded upon him were true. Nor was he told that J.B. Hunt designated him as their Rule 30(b)(6) witness; accordingly, he never formally consented to being their witness. He had not prepared and was unable to answer any questions that we wished to pose to J.B. Hunt, with respect to the topics outlined in our deposition notice for J.B. Hunt.

The harm caused goes beyond legal and other issues raised because: (1) J.B. Hunt and its counsel may have accepted service on behalf of the defendant driver without authorization; (2) J.B. Hunt designated a witness who did not consent and was unprepared to answer questions and thereby defaulted in appearing for the noticed deposition; (3) J.B. Hunt multiplied the costs of plaintiff by interposing defenses that were not directed by the driver of the vehicle (e.g. whose testimony admits liability), and (4) J.B. Hunt and its counsel have repeatedly caused delay and interfered with plaintiff's ability to prepare their case for trial.

Most alarming and significant is that Defendants' counsel removed this action from the state court in which it was filed upon counsel's verification that "[a]ll defendants join in the removal of this action to this court." A copy of the removal notice is attached hereto for the Court's convenience. In doing so, Defendant J.B. Hunt purported to create subject matter jurisdiction for this Court under circumstances which were not contemplated by the statute which authorizes such removal. See 28 U.S.C. § 1446; Glatzer v. Hanley, et al., 2007 U.S. Dist. Lexis 34487 at fn 4 (S.D.N.Y. 2007) ("For removal to be effective in a case where there are multiple defendants, all defendants must join in seeking removal or consent thereto in a timely manner. This is known as the 'rule of unanimity.' While courts generally do not require all defendants to sign the removal petition itself, most courts have required some form of unambiguous written evidence of consent to the court in timely fashion.") (internal citations and quotations omitted).

Counsel's refusal to provide evidence of authority to file the removal notice raises an important issue for it is well settled that "one defendant always can preclude removal by refusing to join in the notice of removal." United Plumbing & Heating Co. v. Lewis, 113 F.Supp.2d 1041 (D.C. Miss 2000). While they are claiming a privilege as to the authority they had to act on behalf of the defendant driver at the outset of this case, it seems plain to us from the testimony at Mr. Jarvis' deposition that counsel did not have the consent, let alone the written consent, of all defendants to remove the action. Glatzer v. Hanley, et al., 2007 U.S. Dist. Lexis 34487 at fn 4, quoting Codapro Corp. v. Wilson, 997 F.Supp. 322, 325 (S.D.N.Y. 1998) ("Failure of any defendant to provide its written consent within the applicable thirty-day period renders the petition for removal untimely"); accord Sturman v. Rush-Presbyterian-St. Luke's Med. Ctr., 128 F.Supp. 1139 (D.C. Ill 2001) (noting that consent must be evidenced by a written confirmation by each defendant; blanket assertion of consent by the removing defendant did not suffice).

The removal statute at issue is one of few, if any, that reference to Rule 11 in the text of

3

the statute itself, highlighting the significant consequences to defendants who try to gerrymander the subject matter jurisdiction of this Court. Cf. Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269 (2d Cir. 1994) (quoting 28 U.S.C. 1447(c))("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). It is plain that there can be no room for gamesmanship when it comes to this Court's subject matter jurisdiction because any actions taken without proper jurisdiction is void. Gardner v. Florence Call Cowles Foundation v. Empire. Inc., 754 F.2d 478 (2d Cir. 1985) (Appellate Court raised jurisdiction sua sponte after parties appealed district court's ruling).

We are unsure as to how to proceed in light of what has been recently unearthed. If this case is to continue on its current path, the discovery cutoff date needs to be extended because we believe we have been denied the opportunity to properly prepare our case if we are to have a full fledged trial on liability and damages in this rear end collision case.[1] However, at this late date, we are faced with a troubling question of whether this Court will continue with this case since it is well settled that "the right to secure a remand of the action to state court when there is no federal subject matter jurisdiction for removing the action to a federal court cannot be waived by either party." Wright-Miller-Cooper, Federal Practice & Procedure at 419, § 3739 (citing Caterpillar Inc. v. Lewis, 519 U.S. 61 (1996); Mehlenbacker et al v. Akzo Novel Salt, Inc., 216 F.3d 291, 295 (2d Cir. 2000) (citing Alliance of Am. Insurers v. Cuomo, 854 F.2d 591, 605 *2d Cir. 1988) (other citations and quotations omitted). At bottom, Plaintiffs may be forced to start all over again in another forum because of J.B. Hunt's improper removal of this case.

We respectfully submit that the efficacy of the removal to this Court of the instant action needs to be addressed before we expend more time and money preparing for a trial that may not happen in this Court. For the record, if it were to be determined that this Court's subject jurisdiction was invoked improperly, and is thereby lacking, we will ask that J.B. Hunt and its counsel face a sanction, including the payment of plaintiff's costs and the reasonable value of plaintiff's counsel's legal fees incurred over the past nine months. See Tenner v. Zurek, 168 F.3d 328 (7th Cir. 1999).

---

[1] For the record, we remain puzzled as to the basis under which Defendants are continuing to contest liability in this rear-end collision, especially in light of the defendant driver's recent testimony. This "internal policy" decision is yet another example of J.B Hunt's propensity to squander the opportunity presented by the discovery process to telescope the issues before this Court down to those that are honestly in dispute. They declined to stipulate as to liability in this rear end collision case, which is their prerogative; yet, in doing so, they were obligated to appear for the properly noticed Rule 30(b)(6) deposition. They failed to appear, and at this point, there should be consequences resulting from that decision.

4

For these reasons, we respectfully request that the scope of the conference with Your Honor be expanded to discuss: (a) counsel's authority to file an answer and removal notice on behalf of the defendant driver, (b) the failure of the defendant driver to be asked to search his records before counsel responded to Plaintiff's document demand; (c) the purportedly defective verification of the interrogatories by counsel, and (d) the failure of J.B. Hunt to appear for a Rule 30(b)(6) deposition.

We are available to appear in person, if the Court deems it appropriate or necessary.

Respectfully,

*Douglas Kahan/MNG*

Douglas Kahan

cc: Anthony Luis, Esq.
Newman Fitch Altheim Myers, P.C.
14 Wall Street
New York, NY 10005

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
MICHAEL GLAUBER and IRENE GLAUBER,

                   Plaintiffs,

-against-

J.B. HUNT TRANSPORT, INC., and
JASON ARTHUR JARVIS,

                   Defendants.
----------------------------------------X

## NOTICE OF REMOVAL

The defendants J.B. Hunt Transport, Inc. and Jason Arthur Jarvis, removes this action from the Supreme Court, Westchester County to the United States District Court for the Southern District of New York.

1. The plaintiff commenced this action against J.B. Hunt Transport, Inc., and Jason Arthur Jarvis in the Supreme Court of the State of New York, Westchester County. A copy of the complaint is attached as **Exhibit A**.

2. The plaintiffs, Michael Glauber and Irene Glauber, are citizens of the State of New York and were citizens of the State of New York when this action was started in state court.

3. The defendants are citizens of states other than the State of New York and were citizens of states other than the State of New York when this action was started in state court.

a) J.B. Hunt Transport Services, Inc. is an Arkansas corporation with a principal place of business in the State of Arkansas.

b) J.B. Hunt Transport, Inc. is (and was) a corporation incorporated in the State of Georgia with its principal place of business in the State of Arkansas.

c) Jason Arthur Jarvis (and was) a citizen of the State of Virginia.

4. The plaintiffs seek damages of more than $75,000 and sought damages of more than $75,000 when this action was started in state court.

5. This court has subject-matter jurisdiction over this action under section 1332(a)(1) of the Judicial Code, 28 U.S.C. § 1332(a)(1), because this action—both now and when it was started—is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6. The defendants may, under section 1441(a) of the Judicial Code, 28 U.S.C. § 1441(a), remove this action to this court because this is a civil action of which the district courts of the United States have original jurisdiction that is brought in a state court

7. All defendants join in the removal of this action to this court.

Dated: New York, New York
       August 13, 2007

_____
Robert A. Fitch. (RF2198)
Newman Fitch Altheim Myers, P.C.
Attorneys for Defendant
J.B. Hunt Transport, Inc.
14 Wall Street
New York, New York 10005-2101
(212) 619-4350
JBH 16136