# NEWMAN FITCH ALTHEIM MYERS, P.C.

ROBERT A. FITCH
IAN KEVIN MYERS
CHARLES W. KREINES
OLIVIA M. GROSS
IAN F. HARRIS
STEPHEN N. SHAPIRO
CHARLES DEWEY COLE, JR.
DEREK T. BARRETT

MICHAEL H. ZHU

RICHARD L. NEWMAN (1921-2006)
ABRAHAM S. ALTHEIM (1954-2005)

ATTORNEYS AT LAW

14 WALL STREET
NEW YORK, NY 10005-2101
(212) 619-4350
FAX: (212) 619-3622
www.nfam.com

NEWMAN FITCH ALTHEIM MYERS
A PARTNERSHIP AFFILIATED WITH NEWMAN FITCH ALTHEIM MYERS, P.C.
744 BROAD STREET
NEWARK, NEW JERSEY 07102
(973) 824-2600
FAX: (973) 824-2993

ABRAHAM A. FRIEDMAN
JANINE SILVER
THOMAS J. CHAVES
PAUL V. GILBERTO
MARTIN J. NAGEL
THOMAS P. RYAN, JR
MATTHEW S. MARINO
LON V. HUGHES
RICHARD F. SCHIRMDAKE
STEPHEN M. DIGHAM
ANTHONY D. LUIS
DAVID P. TURCHI
DANIEL A. …
AMARA S. PAUL…
LUIS G. SAHTLO…
ADRIENNE YAR…
LAURA J. PROCI…
JENNIFER A. LE…

ALSO ADMITTED IN NJ
ALSO ADMITTED IN GA
ALSO ADMITTED IN NJ, DC & TX

March 26, 2008

VIA FAX (914) 390-4095
Hon. Magistrate Justice George A. Yanthis
United States District Court
300 Quarropas Street – Room 118
White Plains, New York 10601

RE: MICHAEL GLAUBER and IRENE GLAUBER
v. J.B. HUNT TRANSPORT, INC.
and JASON ARTHUR JARVIS
Civil Index No.: 07-CV-7230
Our File No.: JBH 16136

Dear Honorable Justice Yanthis:

This letter is in response to plaintiff's counsel's letter to you dated March 21, 2008. This action was removed from New York State Supreme Court on or about August 13, 2007. It seeks damages resulting from a rear end collision of a tractor trailer truck owned by J.B. Hunt Transport, Inc. driven by its employee Jason Arthur Jarvis, into the vehicle driven by the plaintiff, Michael Glauber.

We request a telephone conference on March 27, 2008 at 9:30 a.m. to ask for an extension of the deadline to complete discovery. In addition, in plaintiff's counsel's letter of March 21, 2008, they brought up the issue of our firm's authority to answer for the J.B. Hunt's driver, Jason Arthur Jarvis. Our response is as follows:

The driver, defendant Jason Arthur Jarvis was an employee of J.B. Hunt at the time of the accident on April 11, 2005. He was terminated shortly after the accident. On or about July 16, 2007 plaintiff served a summons and complaint

## NEWMAN FITCH ALTHEIM MYERS, P.C.

Page 2

upon J.B. Hunt. The driver Jason Arthur Jarvis was never served (see attached summons and complaint). A notice of removal was served on or about August 13, 2007.

J.B. Hunt authorized our firm to represent its interests and the interests of its employee at the time of the accident, Jason Arthur Jarvis. As Mr. Jarvis' employer and the owner of the vehicle he drove, J.B. Hunt is and was responsible financially for his actions. Our firm served an answer on behalf of J.B. Hunt and Jason Arthur Jarvis.

Mr. Jarvis was aware he was being sued and has indicated to us that he wants that he wants us to represent him in this lawsuit and has never refused our representation.

The plaintiff is now challenging the removal of this Court in the instant action. However, at this time, the plaintiffs are past the time to make such a motion according to U.S.C. 28 Section 1447(c).

U.S.C. 28 Section 1447(c) states, in part, the following:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment.

There is no question that there is diversity of jurisdiction in this case since J.B. Hunt is a Georgia corporation with its principal place of business in Arkansas, and Jason Arthur Jarvis is a resident of Virginia. The plaintiff is a resident of New York. Hence, there is subject-matter jurisdiction in this case under 28 U.S.C. §1332(3). The plaintiff is arguing that there is a defect in the removal of this case to federal court, that we did not have the written authority to answer for defendant Jarvis. Since their concern is with a defect in the removal and not subject-matter jurisdiction they are precluded from making a motion to remand the case under section 1447(c).

In any event, 28 U.S.C. §1654 states:

> In all courts in the United States the parties may plead and conduct their own cases personally, or by counsel as, by

NEWMAN FITCH ALTHEIM MYERS, P.C.

Page 3

the rules of the courts, respectively are permitted to manage and conduct causes therein.

28 U.S.C. §1654 gives our firm authority to answer for defendant for Jarvis since he has agreed to have us represent him. There is no federal rule which requires written consent. Therefore, there is no defect in removal.

Also, since he was an employee of J.B. Hunt at the time of the accident, J.B. Hunt's authority to represent his interests gives us authority to represent the driver, Mr. Jarvis as well.

Even if the court finds that there is a defect in removal, remand back to the state court is not warranted under 18 U.S.C. section 1446(b). Plaintiffs failed to serve the summons and complaint upon defendant Jarvis' home in Virginia, personally or by mail. Therefore, under 28 U.S.C. section 1446(b) the time to file a notice of removal has not begun.

28 U.S.C. §1446(b) provides that the notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, a copy of the initial pleading . . . (emphasis added). <u>The removal period begins to run in an action involving multiple defendants who are not served simultaneously when the last defendant is served.</u> *Fernandez v. Hale Trailer Brake & Wheel, et al.*, 332 F.Supp.2d 621 (S.D.N.Y.,2004). The Court in *Fernandez* noted that:

> "neither the Supreme Court nor the Second Circuit has specifically addressed the issue of when the removal period begins to run in an action involving multiple defendants who are not served simultaneously. The Court, however, is persuaded that the last served rule is the more sound approach. Under this procedure, the thirty-day period during which the defendants are permitted to file a notice of removal begins to run when the last defendant is served. The rule ensures that the last-served defendant's procedural rights do not slip away before service of a summons and before he is even subject to the jurisdiction of the court". *Id.* at 623.

Since Mr. Jarvis has not been served, the thirty-day period under section 1446(b) has not started. Therefore, any issue plaintiff has on the defect of removal can be remedied without prejudice to any party.

NEWMAN FITCH ALTHEIM MYERS, P.C.

Page 4

The plaintiff's request for sanctions at this time is premature since there is no defect in removal and since the plaintiff is precluded from making a motion to remand.

### DISOVERY ISSUES

It was our understanding that if the plaintiff's counsel still wanted a Rule 30(b)(6) witness from J.B. Hunt after Mr. Jarvis' deposition that we would be given the opportunity to produce such witness. It was our position that a 30(b)(6) witness would be unnecessary since this is a case where J.B. Hunt admitted ownership of the vehicle driven by defendant Jarvis.

Also, any alleged defective verification of the interrogatories claimed by plaintiff can be remedied without prejudice and we are in the process of doing so as of the writing of this letter.

Mr. Jarvis stated at his deposition he stated he did not keep any records related to this accident (specifically drivers' logs). Therefore, plaintiff's grievance that Jarvis was not asked to search his records before the deposition is moot. In any event, he was asked if he had his drivers' logs before the deposition.

We will appear telephonically on March 27, 2008 at 9:30 am to address these issues.

Very truly yours,

NEWMAN FITCH ALTHEIM MYERS, P.C.

ANTHONY D. LUIS (AL0678)

ADL:jp:mc

cc: Via Fax: **(914)630-0043**
Kahan and Kahan
1328 Boston Post Road
Larchmont, NY 10538