## SETTLEMENT AGREEMENT

This Settlement Agreement (this "Agreement") is made as of the 9th day of July, 2008 by and between Michael Glauber and Irene Glauber (together, the "Plaintiffs") and J.B. Hunt Transport, Inc. and Jason Arthur Jarvis (together, the "Defendants"). The signatories to this Agreement will hereafter be referred to jointly as the "Parties" or individually as "Party." This Agreement is made between the Parties for the complete and final settlement of their claims, differences, and causes of action with respect to the disputes described below.

## PREAMBLE

**WHEREAS,** on or about July 12, 2007, Plaintiffs filed a complaint commencing a lawsuit in the Supreme Court for the State of New York under the caption *Michael Glauber and Irene Glauber v. J.B. Hunt Transport, Inc., and Jason Arthur Jarvis*, 07-12803 (the "State Court Proceeding"). The complaint asserts, among other things, a personal injury claim of Mr. Glauber resulting from a traffic incident that occurred on April 11, 2005.

**WHEREAS,** on or about August 14, 2007, Defendants filed a notice of removal of the State Court Proceeding to the United States District Court for the Southern District of New York and is pending under the assigned case number 07 Civ. 7230 (CB) (the "District Court Proceeding"; together with the State Court Proceeding, the "Litigation").

**WHEREAS,** on or about August 14, 2007, Defendants filed answers in the District Court Proceeding, which disputed all of the claims asserted against it and made a separate demand for a jury trial.

**WHEREAS**, the Parties completed discovery, including an independent medical evaluation of the personal injuries suffered by Mr. Glauber, and entered into a separate stipulation concerning liability, which was approved by Order of the Court dated June 20, 2008.

**WHEREAS**, the Parties desire to avoid the expense, inconvenience and uncertainty of continuing the Litigation and instead to resolve and settle all claims and disputes between them arising out of, or in any way related to the Litigation.

**NOW, THEREFORE**, in consideration of the releases and mutual promises contained herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

**1.0  SETTLEMENT**

1.1  This Agreement is conditioned upon and subject to execution by all of the Parties, (or their attorneys). The Agreement shall be immediately effective on the date (the "Effective Date") that the Agreement shall have been executed by all Parties (or their attorneys) and Plaintiffs' attorneys shall have received the payment required by Paragraph 1.2 hereof.

1.2  Within twenty (20) business days after the execution of this Agreement, Defendants or their attorneys shall remit One Hundred Seventy Five Thousand Dollars ($175,000.00) (the "Settlement Amount") by check payable to "Kahan & Kahan as attorneys" with reference to Glauber v. J.B. Hunt. In advance thereof, Plaintiffs' attorneys shall provide a duly executed "IRS Form W-9" to Defendants' attorneys.

1.3  Within twenty (20) days after the Effective Date, counsel for the Parties shall execute and file a Stipulation of Dismissal of the District Court Action pursuant to Federal Rule of Civil Procedure 41(a)(1), which dismissal shall be with prejudice and without costs to any

Party. This Stipulation of Dismissal shall be substantially in the form attached hereto as Exhibit "A."

    1.4    The Parties' performance of all obligations set forth in this Agreement shall finally settle and resolve, among other things, all claims asserted or which could have been asserted by the Parties against each other as of the date of this Agreement regarding the personal injury and ancillary claims asserted as part of the Litigation. The Parties agree to bear their own costs associated with the Litigation and this Agreement, including, but not limited to, filing costs, attorneys' fees, and expenses.

**2.0    RELEASE AND DISCHARGE**

    2.1    On the Effective Date, Plaintiffs hereby release and forever discharge Defendants and all their predecessors, successors, parents, subsidiaries, affiliates, assigns, partners, associates, attorneys, agents, transferees, directors, officers, employees, insurers and shareholders from and against all actions, causes of action, claims, suits, debts, damages, judgments, liabilities, and demands whatsoever, whether matured or not matured, whether at law or in equity, whether before a local, state or federal court, state or federal administrative agency or commission, or arbitration tribunal, regardless of location and whether now known or unknown, liquidated or unliquidated, that Plaintiffs now have or may have had, or thereafter claims to have against Defendants regarding issues arising out of or related to the Litigation, at any time prior to and including the date of this Agreement.

## 3.0   MISCELLANEOUS TERMS AND CONDITIONS

3.1   The Parties hereby confirm and ratify the accuracy and truthfulness of the above Preamble of this Agreement, and hereby incorporate by reference the Preamble as though it were fully set forth herein.

3.2   This document contains the complete Agreement between the Parties with respect to its subject matter and supercedes any and all prior agreements, understanding, promises, warranties, and representations made by each Party to the other concerning the subject matter.

3.3   This Agreement may be executed in identical counterparts and/or via facsimile signature, each of which shall constitute an original and all of which shall constitute one and the same Agreement.

3.4   This Agreement may be modified only by a written document signed by the Parties. No waiver of this Agreement or of any of the promises, obligations, terms, or conditions hereof shall be valid unless it is written and signed by the Party against whom the waiver is to be enforced.

3.5   The Parties agree to execute and exchange any such further documentation as may be reasonably required to give effect to this Agreement.

3.6   This Agreement shall be binding upon and inure to the benefit of the Parties thereto, their predecessors, successors, parents, subsidiaries, affiliates, assigns, agents, directors, officers, employees, and attorneys. Each of the signatories of this Agreement represents and warrants that he is authorized to execute this Agreement and to bind the Parties hereto.

3.7   If any part or provision of this Agreement shall be finally determined to be invalid or unenforceable under applicable law by a court of competent jurisdiction, that part or provision shall be ineffective to the extent of such invalidity or unenforceability only, without in any way affecting the remaining parts of said provision or the remaining provisions of this Agreement.

3.8     The Parties hereby warrant and represent that they have not assigned or in any way transferred or conveyed all or any portion of the claims covered by this Agreement, and to their knowledge, no other person or entity has a right to any claim that purports to be settled by this Agreement. The Parties acknowledge and agree that this warranty and representation is an essential and material term of this Agreement, without which they would not have entered into it. The Parties each agree to defend and to hold each other harmless against the claims of any other person or entity asserting a claim or right that purports to be settled by this Agreement.

3.9     The Parties acknowledge that they have had the opportunity to consult with legal counsel of their choosing prior to entering into this Agreement, that they know and understand this Agreement's contents, and that they are executing this Agreement knowingly and voluntarily. Each Party acknowledges that it has not relied on or made any promise or representation to the other Party that is not contained within this Agreement.

3.10    Any notices required under this Agreement shall be served upon the Parties via telecopier and overnight priority mail at the following addresses:

If to Plaintiffs:

KAHAN & KAHAN
1328 Boston Post Road
Larchmont, NY 10538
Tel No. (914) 630-1178

If to the Defendants:

NEWMAN FITCH ALTHEIM MEYERS, P.C.
14 Wall Street
New York, NY 10005-2101
Tel No. (212) 619-4350

3.11    This Agreement shall be governed, in all respects, under the laws of the State of New York, irrespective of its choice of law rules.

5

3.12   The undersigned represents and warrants that he or she is authorized to execute this Agreement and to bind the Party whom he or she represents thereto.

**AGREED:**

| | |
|---|---|
| **KAHAN & KAHAN** | **NEWMAN FITCH ALTHEIM MEYERS, P.C.** |
| By: _____ | By: _____ |
| Douglas Kahan, Esq. (DK 4282) | Robert Fitch (RAF-2198) |
| 1328 Boston Post Road | 14 Wall Street |
| Larchmont, NY 10538 | New York, New York 10005-2101 |
| Telephone No. (914) 630-1178 | Tel: 212-619-4350 |
| **Attorneys for Plaintiffs** | **Attorneys for Defendants** |

**PLAINTIFFS:**

_____
Michael Glauber
1 Shadow Lane
Larchmont New York 10538

_____
Irene Glauber
1 Shadow Lane
Larchmont New York 10538

6

**Exhibit "A"**

STIPULATION OF DISMISSAL WITH PREJUDICE OF
PROCEEDING NO. 07- 7230 (CB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MICHAEL GLAUBER AND IRENE GLAUBER,

                Plaintiffs,

                07 Civ. 7230 (CB)

      - against -

J.B. HUNT TRANSPORT, INC. AND JASON    **STIPULATION OF**
ARTHUR JARVIS,                                 **DISMISSAL WITH PREJUDICE**

                Defendants.

------------------------------------------------------------x

       **IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, the attorneys of record for all of the parties to the above entitled action, that whereas no party hereto is an infant, incompetent person for whom a committee has been appointed or conservatee and no person not a party has an interest in the subject matter of the action, that the above entitled action be, and the same hereby is discontinued with prejudice and without costs to any party as against any other party.

IT IS SO ORDERED.

The _____ day of August, 2008
White Plains, New York

                                                                     United States Magistrate Judge

KAHAN & KAHAN                                NEWMAN FITCH ALTHEIM MEYERS, P.C.

By: _____                By: _____
    Douglas Kahan, Esq. (DK-4282)                Robert A. Fitch, Esq. (RAF-2198)
1328 Boston Post Road                          14 Wall Street
Larchmont, NY 10538                            New York, New York 10005-2101
Telephone No. (914) 630-0044                  Tel: (212) 619-4350

**Attorneys for Plaintiffs**                            **Attorneys for Defendants**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
MICHAEL GLAUBER AND IRENE GLAUBER,

                Plaintiffs,

                07 Civ. 7230 (CB)

    - against -

J.B. HUNT TRANSPORT, INC. AND JASON      **STIPULATION OF**
ARTHUR JARVIS,                                  **DISMISSAL WITH PREJUDICE**

                Defendants.

------------------------------------------------------------ X

      **IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, the attorneys of record for all of the parties to the above entitled action, that whereas no party hereto is an infant, incompetent person for whom a committee has been appointed or conservatee and no person not a party has an interest in the subject matter of the action, that the above entitled action be, and the same hereby is discontinued with prejudice and without costs to any party as against any other party.

IT IS SO ORDERED.

The _____ day of August, 2008
White Plains, New York

                                                              United States Magistrate Judge

KAHAN & KAHAN                            NEWMAN FITCH ALTHEIM MEYERS, P.C.

By: _____        By: _____
    Douglas Kahan, Esq. (DK-4282)             Robert A. Fitch, Esq. (RAF-2198)
1328 Boston Post Road                        14 Wall Street
Larchmont, NY 10538                          New York, New York 10005-2101
Telephone No. (914) 630-0044              Tel: (212) 619-4350

**Attorneys for Plaintiffs**                           **Attorneys for Defendants**

| Form **W-9** (Rev. October 2007) Department of the Treasury Internal Revenue Service | **Request for Taxpayer Identification Number and Certification** | Give form to the requester. Do not send to the IRS. |
|---|---|---|

Name (as shown on your income tax return)
**Kahan & Kahan**

Business name, if different from above

Check appropriate box: ☑ Individual/Sole proprietor ☐ Corporation ☐ Partnership
☐ Limited liability company. Enter the tax classification (D=disregarded entity, C=corporation, P=partnership) ▶ ........
☐ Other (see instructions) ▶

☐ Exempt payee

Address (number, street, and apt. or suite no.)
**1328 Boston Post Road**

City, state, and ZIP code
**Larchmont, NY 10538**

Requester's name and address (optional)

List account number(s) here (optional)

### Part I  Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. The TIN provided must match the name given on Line 1 to avoid backup withholding. For individuals, this is your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the Part I instructions on page 3. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN* on page 3.

Note. If the account is in more than one name, see the chart on page 4 for guidelines on whose number to enter

Social security number
: :

or

Employer identification number
**13 : 3812700**

### Part II  Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and
2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, and
3. I am a U.S. citizen or other U.S. person (defined below).

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the Certification, but you must provide your correct TIN. See the instructions on page 4.

Sign Here | Signature of U.S. person ▶ [signature] | Date ▶ **7-7-08**

## General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

### Purpose of Form

A person who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) to report, for example, income paid to you, real estate transactions, mortgage interest you paid, acquisition or abandonment of secured property, cancellation of debt, or contributions you made to an IRA.

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN to the person requesting it (the requester) and, when applicable, to:

1. Certify that the TIN you are giving is correct (or you are waiting for a number to be issued),
2. Certify that you are not subject to backup withholding, or
3. Claim exemption from backup withholding if you are a U.S. exempt payee. If applicable, you are also certifying that as a U.S. person, your allocable share of any partnership income from a U.S. trade or business is not subject to the withholding tax on foreign partners' share of effectively connected income.

**Note.** If a requester gives you a form other than Form W-9 to request your TIN, you must use the requester's form if it is substantially similar to this Form W-9.

**Definition of a U.S. person.** For federal tax purposes, you are considered a U.S. person if you are:

- An individual who is a U.S. citizen or U.S. resident alien,
- A partnership, corporation, company, or association created or organized in the United States or under the laws of the United States,
- An estate (other than a foreign estate), or
- A domestic trust (as defined in Regulations section 301.7701-7).

**Special rules for partnerships.** Partnerships that conduct a trade or business in the United States are generally required to pay a withholding tax on any foreign partners' share of income from such business. Further, in certain cases where a Form W-9 has not been received, a partnership is required to presume that a partner is a foreign person, and pay the withholding tax. Therefore, if you are a U.S. person that is a partner in a partnership conducting a trade or business in the United States, provide Form W-9 to the partnership to establish your U.S. status and avoid withholding on your share of partnership income.

The person who gives Form W-9 to the partnership for purposes of establishing its U.S. status and avoiding withholding on its allocable share of net income from the partnership conducting a trade or business in the United States is in the following cases:

- The U.S. owner of a disregarded entity and not the entity,

Cat. No. 10231X    Form **W-9** (Rev. 10-2007)